UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. THOMAS, JR., <br><br> Petitioner, <br><br> v. <br><br> DOUGLAS WADDINGTON, <br><br> Respondent. | Case No. C07-5059RJB/KLS <br><br> ORDER DENYING WRIT OF HABEAS CORPUS |

This matter comes before the court on petitioner Donald L. Thomas, Jr.'s Petition for Writ of Habeas Corpus. Dkt. 1-2. This matter was referred to United States Magistrate Judge Karen L. Strombom. *See* Dkt. 6.

**A. PROCEDURAL BACKGROUND**

On February 2, 2007, Petitioner filed a Writ of Habeas Corpus, alleging that Washington courts had erred in allowing the transcript of Petitioner's taped interview into the jury's deliberation after the transcript was not allowed to be admitted into evidence at trial. Dkt. 1-2, at 4. On August 3, 2007, Magistrate Judge Strombom issued a Report and Recommendation, recommending that this Court dismiss the petition with prejudice. Dkt. 18. On August 16, 2007, Petitioner filed an Objection to the Report and Recommendation. Dkt. 19.

Petitioner has raised two objections. First, Petitioner alleges that the Washington Court of Appeals and Washington Supreme Court did not properly address his appeal because the courts did not rule on whether the trial court had erred by providing the transcript to jurors during deliberations. Second, Petitioner claims

1 that the trial court violated Petitioner's due process rights because the court did not provide the jury with a
2 limiting instruction when the court provided the jury with the transcript. Dkt. 19, 3-4.

## B. LEGAL STANDARDS

Under federal law, the Court shall not grant an application for habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d)(1) (1996). In order to grant relief, a federal habeas court "must find that the absence of...fairness fatally infected the trial; the acts complained of must be of such quality [that they] necessarily prevent[ed] a fair trial." *Kealohapuaole v. Shimoda,* 800 F.2d 1463, 1465 (9th Cir. 1986) (internal quotation marks and citation omitted).

The Due Process Clause of the Fourteenth Amendment provides that no person shall be deprived of life, liberty or property without due process of law. In analyzing a procedural due process claim, a court must first determine whether the claimant has been deprived of a liberty or property interest protected by the Constitution; if so, the court must determine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454 (1989).

## C. DISCUSSION

In the Report and Recommendation, Judge Strombom found that Petitioner failed to show how the introduction of the written transcript to the jury to review during deliberations deprived him of a fair trial. Dkt., at 8. This Court agrees.

Petitioner's objections to the Report and Recommendations fail to demonstrate that this Court should grant Petitioner's Writ for Habeas Corpus. While the Washington appellate courts did not specifically address Petitioner's due process claim regarding the trial court's failure to provide a limiting instruction, the appellate courts' decisions upholding Petitioner's conviction and sentence do not violate clearly established federal law for the reasons set out in the Report and Recommendation. Dkt. 18. To the extent Petitioner may be challenging evidentiary rulings, this Court cannot address Petitioner's assignments of error to the state courts' application of evidentiary rules that have not resulted in a decision that violates clearly established federal law. 28 U.S.C. §2254.

1   The case law cited by Petitioner in his objection are inapposite to the issues raised in Petitioner's writ
2   and do not support Petitioner's allegation that his due process rights were violated. Petitioner first cites *United*
3   *States v. Sauza-Martinez,* 217 F.3d 754 (9th Cir.). That case addresses issues involving the admissibility of
4   statements made by co-defendants, and does not provide support for Petitioner's arguments. Dkt. 19, at 4.
5   The remaining cases cited in Petitioner's objection involve evidentiary issues that do not raise due process
6   issues analogous to Petitioner's case. *Id.* While these cases may support a finding that use of an instruction
7   is preferable, the cases do not hold that a due process violation has occurred when a jury is not provided such
8   an instruction under circumstances similar to those in Petitioner's trial.

9   There is no clearly established federal law, as determined by the United States Supreme Court, that
10  supports Petitioner's position that the trial court's failure to provide a limiting instruction violated Petitioner's
11  due process rights. As indicated in the Report and Recommendation, the Ninth Circuit recognizes that juries
12  have been permitted to have copies of transcripts during deliberations in appropriate circumstances. Dkt. 18,
13  at 8. The trial court's actions did not deprive Petitioner of fairness in a manner that fatally infected the
14  outcome of his trial, and Petitioner's writ should be denied. *See Kealohapauole, supra.*

15  Therefore, it is hereby **ORDERED** that Petitioner's Writ of Habeas Corpus (Dkt. 1-2) is **DENIED**
16  **WITH PREJUDICE.**

17  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party
18  appearing *pro se* at said party's last known address.

19  DATED this 17th day of September, 2007.

_____
ROBERT J. BRYAN
United States District Judge